IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**UNITED STATES OF AMERICA**

      **vs.**                     **Criminal Action 2:18-cr-067**
                                 **JUDGE ALGENON L. MARBLEY**

**RAVEN SYMONE McDONALD**


## REPORT AND RECOMMENDATION


Defendant Raven Symone McDonald is charged by *Indictment*, ECF No. 1, with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count 1), 32 counts of wire fraud in violation of 18 U.S.C. §§ 1343, 2 (Counts 2 – 33), and ten counts of making false statements in violation of 18 U.S.C. §§ 1001(a)(1), 2 (Counts 34 – 43). The *Indictment* also contains a forfeiture count. Defendant and the United States and entered into a plea agreement[1] whereby defendant agreed to enter a plea of guilty to Counts 1, 34, and 38. On May 11, 2018, defendant, accompanied by her counsel, appeared for an initial appearance, arraignment, and entry of guilty pleas.[2] Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the

---

[1] The *Plea Agreement*, ECF No. 21, was executed pursuant to the provisions of Fed. R. Crim. P. 11(c)(1)(C) and includes an agreed sentence. The parties agree that the *Plea Agreement* contains a typographical error and that the parties agreed to a sentence of imprisonment for a term ranging from 15 to 28 months. *See id.* at ¶ 7(a). The *Plea Agreement* also includes an appellate waiver provision, a forfeiture provision, and a restitution obligation.

[2] The parties agreed to defer entry of pleas to the remaining 40 counts of the *Indictment*, which the Government expects to dismiss at sentencing, should the Court accept the *Plea Agreement* and defendant's guilty pleas.

1

time she entered her guilty pleas, defendant was in full possession of her faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined her competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Indictment* and the consequences of her pleas of guilty to Counts 1, 34, and 38. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's pleas are voluntary. Defendant acknowledged that the plea agreement signed by her, her attorney and the attorney for the United States and filed on May 9, 2018, represents the only promises made by anyone regarding the charges in the *Indictment*. Defendant was advised that the District Judge may accept or reject the plea agreement. Defendant was further advised that, if the Court refuses to accept the plea agreement, defendant will have the opportunity to withdraw her guilty pleas but that, if she does not withdraw her guilty pleas, the District Judge may impose a sentence that is more severe than the sentence contemplated in the plea agreement, up to the statutory maximums.

Defendant confirmed the accuracy of the statement of facts supporting the charges, which is attached to the *Plea Agreement*. She confirmed that she is pleading guilty to Counts 1, 34, and 38 of the *Indictment* because she is in fact guilty of those offenses. The Court concludes that there is a factual basis for the pleas.

The Court concludes that defendant's pleas of guilty to Counts 1, 34, and 38 of the *Indictment* are knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the pleas.

It is therefore **RECOMMENDED** that defendant's guilty pleas to Counts 1, 34, and 38 of the *Indictment* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


May 11, 2018                                    *s/  Norah McCann King*
 Date                                          Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge